# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN CONLEY, | Civil Action No. 15-1512(FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| SCO J. DISTEFANO, et al., | |
| Defendants. | |

This matter has been opened to the Court by a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), brought by Deputy Attorney General Adam Robert Gibbons on behalf of Defendants SCO J. DiStefano and SCO D. Shaw ("Moving Defendants"). As explained below, there is no dispute that Plaintiff's Complaint does not seek to raise claims under 28 U.S.C. § 1028, N.J.S.A. 2C:21-17.6, N.J.S.A. 56:11-44, et seq., N.J.A.C. 10A:22-1.5, and N.J.A.C. 10A:22-2.3, which are the claims Moving Defendants seek to dismiss in the instant motion. For completeness, however, the Court will grant the Motion for Judgment on the Pleadings with respect to those claims. The Court declines to address Moving Defendants arguments for dismissal of Plaintiff's § 1983 claims, which they have raised for the first time in their Reply Brief. If appropriate, Moving Defendant may file a new motion for dismissal of Plaintiff's § 1983 claims within 30 days of the date of the Order accompanying this Memorandum Opinion.

This case was previously assigned to the Honorable Peter G. Sheridan, who granted Plaintiff's *in forma pauperis* application and proceeded the Complaint past screening. (ECF Nos. 8, 9.) The case was subsequently transferred to the undersigned. (ECF No. 28.)

Although Plaintiff's Complaint includes many extraneous facts, the gravamen of the Complaint is that Moving Defendants, along with other served and unserved Defendants, violated Plaintiff's civil rights by placing his first and last name and full birthdate on the outside door of his cell at New Jersey State Prison (NJSP). (ECF No. 1, Compl. at ¶¶ 16-21.) Plaintiff contends that the posting of this information violates his constitutional right to informational privacy and leaves him and other inmates vulnerable to identity theft.[1] (*See, e.g., id.* at ¶¶ 124-127.) The Complaint cites to a number of federal and state statutes and provisions of the administrative code, which criminalize identity theft and/or protect victims of identity theft. (*Id.* at ¶¶ 93-94.) Plaintiff has sued Defendants in their official capacities and seeks declaratory and injunctive relief but does not seek damages. (*Id.*, Compl. at 1, 7.)

Moving Defendants appear to acknowledge in their Moving Brief that Plaintiff alleges constitutional claims under § 1983 (ECF No. 46, Moving Br. at 2); nevertheless, the Moving Brief does not address whether Plaintiff's Complaint states any claims for relief under § 1983. (*See id.*) Instead, Moving Defendants argue that Plaintiff's Complaint fails to state claims for relief under 18 U.S.C. § 1028, N.J.S.A. 2C:21-17.6, N.J.S.A. 56:11-44, et seq., and various provisions of the New Jersey Administrative Code, to which Plaintiff cites in his Complaint.

---

[1] The United States Constitution provides some protection of an individual's privacy. *See Whalen v. Roe*, 429 U.S. 589, 599-600 (1977); *United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 577 (3d Cir. 1980). This constitutional right of privacy extends to two types of interests: "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." Plaintiff's claims relate to the first type, *i.e.*, informational privacy.

Plaintiff states in his Opposition Brief that Moving Defendants have mischaracterized his claims for relief. (ECF No. 56, Plaintiff's Opposition Br. at 21.) Plaintiff explains that he "never alleged a statutory claim based on a completed taking of his identity by Defendants pursuant to the Federal identity theft statute[.]" (*Id.*) Plaintiff further clarifies that his "claims are not statutory claims of a completed identity theft or state law claims, but claims of an extremely unwise prison policy violating the 14th and 8th Amendments." (*Id.* at 23.) Although Plaintiff has clarified that he does not seek to raise state or federal statutory claims, apart from constitutional claims arising under 42 U.S.C. § 1983, the Court, for the sake of clarity, will grant the Motion for Judgment on the Pleadings with respect to the federal and state claims arising under 28 U.S.C. § 1028, N.J.S.A. 2C:21-17.6, N.J.S.A. 56:11-44, et seq., N.J.A.C. 10A:22-1.5, and N.J.A.C. 10A:22-2.3.

Through arguments raised for the first time in their Reply Brief, Moving Defendants also belatedly seek dismissal of Plaintiff's § 1983 claims. Moving Defendants argue that even if Plaintiff allegations were to state claims under the Eighth and/or Fourteenth Amendments, they would be entitled to qualified immunity because any such right is not clearly established. (ECF No. 60, Reply Br. at 2-5.) The Court declines to address whether Plaintiff's Complaint states any claims for relief under the Eighth and/or Fourteenth Amendments or whether such claims would be subject to dismissal on qualified immunity grounds because Moving Defendants, who bear the burden on a motion to dismiss, have raised these issues for the first time in their Reply Brief and have not adequately briefed the relevant issues.[2] *See Money v. Bristol-Myers Squibb*

---

[2] Plaintiff in this action states that he seeks "Declaratory, Injunctive Relief & costs (No Damages)." (ECF No. 1, Compl. at 7.) Qualified immunity protects government officials from civil liability for any action that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "It is well established that qualified immunity does not bar actions for prospective

*Co.*, No. CIVA 307CV-1100 FLW, 2009 WL 5216987, at *10 (D.N.J. Dec. 30, 2009) (citing *Merling v. Horizon Blue Cross Blue Shield of New Jersey*, No. 04–4026, 2009 WL 2382319, *10, n. 5 (D.N.J. Jul.31, 2009) (declining to address issue raised for first time in reply brief). The Court will therefore deny without prejudice the Motion for Judgment on the Pleadings with respect to Plaintiff's § 1983 claims. If appropriate, Moving Defendant may file a new motion seeking dismissal of Plaintiff's § 1983 claims within 30 days of the date of the Order accompanying this Memorandum Opinion. An appropriate Order follows.

*s/Freda L. Wolfson*
Freda L. Wolfson, U.S.D.J.

Dated: May 30th, 2017

---

relief, such as an injunction or declaratory judgment." *Salerno v. Corzine*, 449 F. App'x 118, 123 (3d Cir. 2011) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir. 2006) ("[T]he defense of qualified immunity is available only for damages claims—not for claims requesting prospective injunctive relief."). Thus, it would appear that Moving Defendants are not entitled to qualified immunity with respect to Plaintiff's § 1983 claims.
.