UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN CONLEY,

    Plaintiff,

v.

SCO J. DISTEFANO et al.,

    Defendants.

Civ. Action No. 15-1512(FLW)(TJB)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.:**

## I.     INTRODUCTION

Plaintiff Kevin Conley ("Mr. Conley" or "Plaintiff") is a state prisoner incarcerated at East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* in this civil rights action, asserting claims under 42 U.S.C. § 1983. Presently before the Court is defendants SCO J. Distefano, SCO D. Shaw, and Kenneth Nelsen's (collectively, "Defendants") third motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the motion is granted and Mr. Conley's Amended Complaint is dismissed with prejudice.

## II.     BACKGROUND

The facts underlying this action were recounted in detail in the Court's previous opinion granting Defendants' second motion for judgment on the pleadings. (*See* Op., ECF No. 71.) As a brief background, Mr. Conley objects to a practice at New Jersey State Prison, where he was previously incarcerated, of posting signs on cell doors that indicated each prisoner's birthdate in

conjunction with his full name.[1]  (*See* ECF No. 71; Am. Compl., ECF No. 75.)  His initial Complaint alleged that this practice violated his constitutional rights to informational privacy and procedural due process, and it also asserted that Defendants breached their duty to protect inmates and caused a state-created danger.  (*See* ECF No. 1 ¶¶ 90–189.)

After answering, Defendants filed a Rule 12(c) motion for judgment on the pleadings, arguing that Mr. Conley's claims under state law and federal criminal law should be dismissed.  (Mot., ECF No. 46.)  The Court granted the motion to the extent that the Complaint could be construed to have asserted criminal-related claims.  (Mem. Op., ECF No. 61; Order, ECF No. 62.)

Defendants subsequently filed a second Rule 12(c) motion seeking dismissal of the constitutional claims.  (ECF No. 63.)  After assessing the applicable precedent, the Court found no right to privacy in birthdates and names alone, because "the Court cannot conclude that a persons' birthdate is particularly 'intimate or personal' or that birthdates fall 'within an individual's reasonable expectations of confidentiality.'"  (ECF No. 71 at 8–13 (quoting *Malleus v. George*, 641 F.3d 560, 564 (3d Cir. 2011)).)  The Court found that Mr. Conley failed to allege a due-process violation, as he had not established a liberty or property interest in the protection of information related to his birthdate.  (*Id.* at 13–14.)  The Court further found that an increased risk of identity theft would not implicate the Cruel and Unusual Punishment Clause of the Eighth Amendment, and that Mr. Conley's claim under the state-created-danger theory was barred by the "more-specific-provision rule."[2]  (*Id.* at 14–15.)  Accordingly, the Court granted Defendants'

---

[1] The signs also apparently included various other information regarding each prisoner, to which Mr. Conley does not object.  (*See* ECF No. 75 ¶¶ 32–51.)

[2] The more-specific-provision rule bars recasting a claim under a specific constitutional provision as a general substantive-due-process claim.  It has been applied to dismiss attempts to bring claims under the state-created-danger theory that more appropriately implicate the Cruel

2

motion, but permitted Mr. Conley a final opportunity to replead his Eighth and Fourteenth Amendment claims. (*See id.* at 15; Order, ECF No. 72.)

Mr. Conley has now filed an Amended Complaint, which asserts causes of action for violations of his due-process rights under the Fourteenth Amendment and deliberate indifference to a serious risk of harm under the Eighth Amendment. (*See* ECF No. 75 ¶¶ 106–231.) Mr. Conley has not, however, repleaded the claim for violation of his constitutional right to privacy. (*See id.*) But, rather, as in his original Complaint, Mr. Conley alleges that openly posting birthdates has no legitimate penological purpose, since birthdates and other information are readily available to corrections staff in other places, and that the New Jersey Administrative Code requires prisons to protect inmate personal information. Mr. Conley avers that permitting publication of this personal information to other prisoners violates various New Jersey Statutes and certain provisions of the New Jersey Administrative Code. Mr. Conley theorizes that posting inmate birthdates creates a heightened risk of identity theft and renders inmates more likely to be victimized after their birthdays, when other prisoners may assume they have received monetary gifts. (*See id.*) The Amended Complaint, like the original Complaint, seeks only declarative and injunctive relief. (*Id.* pp. 52–53.)

### III. THE PRESENT MOTION AND ANALYSIS

Now, Defendants, again, move for judgment as a matter of law on Mr. Conley's claims under Rule 12(c). (ECF No. 76.) They argue that Mr. Conley has failed to correct the defects that led to the dismissal of the original Complaint and has admitted that he had suffered no harm from the posting of his birthdate. (Letter Br., ECF No. 76-1, at 1–2, 7–8.) The Court has received no opposition to this motion.

---

and Unusual Punishment Clause. *See Beenick v. LeFebvre*, 684 F. App'x 200, 205 (3d Cir. 2017), *cert. denied* 138 S. Ct. 427 (2017).

Defendants correctly argue that Mr. Conley has failed to correct the defects of his previous Complaint. "'A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)), *cert. denied* ___ S. Ct. ___, 2018 WL 1173874 (June 11, 2018); *see also Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 n.47 (3d Cir. 2016), *cert. denied* 137 S. Ct. 2296 (2017); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). Thus, in considering such motions, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman*, 873 F.3d at 417–18; *Revell*, 598 F.3d at 134; *Turbe*, 938 F.2d at 428. While *pro se* pleadings are liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Court previously dismissed Mr. Conley's due-process claim on the basis that he had failed to show a liberty or property interest in the non-disclosure of his birthdate. (ECF No. 71 at 13–14.) While the Amended Complaint contains extensive discussion of the policies and concerns that Mr. Conley alleges that Defendants overlooked or ignored when deciding to post birthdates within the prison, it still fails to adequately allege a protected liberty or property interest. (*See* ECF No. 75 ¶¶ 106–202.) As the Court noted in its prior Opinion, liberty interests are constitutionally created, while property interests arise from independent sources such as state rules or understandings that confer specific benefits. *See Perry v. Sindermann*, 408 U.S. 593,

601 (1972); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572–78 (1972). "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Bd. of Regents of State Colleges*, 408 U.S. at 564). Here, Mr. Conley does not allege a liberty interest, but, instead, he appears to allege that the prison's non-dissemination, prior to March 2013, of inmate birthdates, as well as its ongoing protection of other inmate information, pursuant to certain statutory protections, conferred a property interest in nondisclosure of birthdates in general. (*See* ECF No. 75 ¶¶ 146–191.) However, Mr. Conley's theory of his property interest disregards the fact that his birthdate is, and has been, readily ascertainable from the Department of Corrections website and from his criminal records, which is public information. (*See* ECF No. 71 at 10–11 (citing *Nunez v. Pachman*, 578 F.3d 228, 232 (3d Cir. 2009)).) Indeed, the Court previously reviewed the statutes and code provisions that Mr. Conley cites, and they contain no protection for disclosure of birthdates. (*See* ECF No. 71 at 11 & nn. 10 & 11.) Nothing Mr. Conley has added in his Amended Complaint has changed the Court's prior decision.

The Court previously dismissed the claim that the posting of Mr. Conley's birthdate constituted a failure to protect in violation of the Cruel and Unusual Punishment Clause, because the alleged increased risk of identity theft did not show that Defendants knowingly disregarded a serious risk to health or safety. (*See* ECF No. 71 at 14 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).) The Court's analysis remains the same as to Mr. Conley's new arguments concerning an increased risk of identity theft. In his Amended Complaint, Mr. Conley additionally asserts that posting of birthdates permits "miscreant inmates" to determine when another prisoner may have received monetary gifts for his birthday, thus making that prisoner

5

more vulnerable to "scams through actual or implied threats of violence." (*See* ECF No. 75 ¶¶ 206–212.) Under this theory, the connection between the posting of birthdates and the risk of harm to inmates is highly attenuated and appears entirely speculative. Mr. Conley admits that he "has not yet been victimized by posting his birthdate," and he provides no facts supporting the claim that inmates are particularly targeted around their birthdays. (*See* ECF No. 75 ¶¶ 206–218.) Accordingly, Mr. Conley's Amended Complaint is dismissed.

Finally, Defendants ask for dismissal with prejudice. (ECF No. 76-1 at 8.) While District Courts generally should permit curative amendments, a complaint may be dismissed with prejudice if permitting further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002); *see also Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). The Court previously dismissed Mr. Conley's claims because they were not premised on established constitutional protections, a defect that is obviously more difficult to cure than, for example, a failure to plead sufficient involvement of a defendant or a failure to plead resulting harm. Nonetheless, the Court gave Mr. Conley an opportunity to replead his claims. While Mr. Conley clearly devoted significant effort in drafting his 55-page Amended Complaint within the 60 days the Court permitted him to do so, he has come no closer to stating a cognizable claim—the constitutional protections he seeks to invoke simply have no basis in the law. (*See* ECF No. 75; ECF No. 71.) In that regard, the Court finds that further amendment would be futile. Mr. Conley's claims are dismissed with prejudice. *See Grayson*, 293 F.3d at 110.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment as a matter of law under Federal Rule of Civil Procedure 12(c) will be granted and Plaintiff's Amended Complaint in this matter will be dismissed with prejudice.


DATED:  June 29, 2018                                         /s/        Freda L. Wolfson
                                                              FREDA L. WOLFSON
                                                              United States District Judge